**Jeffrey D. MOORE, Appellant,**

v.

**ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY; Burlington Northern Railroad Company; St. Joseph Belt Railroad Company, Appellees.**

No. 91–2318.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1992.

Decided May 28, 1992.

---

G. Spencer Miller, argued, Kansas City, Mo. (Richard F. Modin and Lynne J. Bratcher, on the brief), for appellant.

Roland Brook Miller, argued, Kansas City, Mo. (Jeffrey P. Ray, on the brief), for appellee Atchison, Topeka & Santa Fe Ry. Co.

Edward W. Mullen, Kansas City, Mo. (Russell C. Ashley, on the brief), for appellee Burlington Northern R. Co.

James Walter Erwin, St. Louis, Mo. (Jay M. Nadlman, North Kansas City, Mo., on the brief), for appellee St. Joseph Belt R. Co.

Before WOLLMAN and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.

WOLLMAN, Circuit Judge.

Jeffrey D. Moore appeals from the district court's[1] order granting summary judgment in favor of the defendant railroads. We affirm.

## I.

On November 23, 1987, Moore was seriously injured when a Burlington Northern Railroad train struck his car at a railroad crossing in St. Joseph, Missouri. There are five sets of railroad tracks at this crossing; one owned by the Atchison, Topeka & Santa Fe, three owned by the Burlington Northern, and one owned by the St. Joseph Belt Railroad. Four of the tracks at the crossing are protected by automatic lights; one is protected by crossbucks only.

Moore brought suit in state court against the defendant railroads for negligently failing to protect the allegedly extrahazardous crossing. The railroads removed the case to federal court on the basis of diversity and moved for summary judgment.[2]

The district court granted the St. Joseph Belt Railroad's motion for summary judgment on the ground that it owed no duty to Moore because it did not own the train or track involved in the collision. The district court granted Burlington Northern's and the Santa Fe's motions for summary judgment on the ground that the Missouri Division of Transportation (MDOT) had exclusive jurisdiction over the selection of safety devices at the crossing.

On appeal, Moore argues that the district court erred by concluding that MDOT has exclusive jurisdiction over the railroad crossing.

## II.

MDOT has jurisdiction to supervise, among other things, the safety devices at all railroad crossings in Missouri. § 386.-250(1), R.S.Mo. (1986). At the time of Moore's accident, section 389.640.2, R.S.Mo. (1986) (now repealed) gave MDOT:

---

* The HONORABLE BRUCE M. VAN SICKLE, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. The motions made by Burlington Northern and Atchison, etc., were actually to strike pleadings and for partial summary judgment. We refer to the district court's decision as a grant of summary judgment, as that was its practical effect, and because the parties refer to it in this manner.

the exclusive power to determine and prescribe the manner, including the particular point of crossing, and the terms of the installation, operation, maintenance, apportionment of expenses, use and protection of each crossing of one railroad by another railroad or street railroad, and of a street railroad by a railroad, and of each crossing of a public road or highway by a railroad or street railroad and of a street by a railroad or vice versa. . . .

Missouri courts have interpreted this section to mean that once MDOT exercises jurisdiction over a crossing, a railroad may not be held liable for damages from an accident allegedly caused by factors, e.g., inadequate warning devices, under MDOT's jurisdiction. *Clark v. Mississippi River & B.T. Ry. Co.*, 324 Mo. 406, 23 S.W.2d 174, 177 (1929); *Throckmorton v. Wabash R.R. Co.*, 409 S.W.2d 260 (Mo.App.1966). In point of fact, the defendant railroads "were not then and are not now free to alter, modify or upgrade the warning devices without the MDOT's express permission." *Moore v. Atchison, Topeka & Santa Fe*, 1991 WL 343378, No. 30–0360 (W.D.Mo. 1991) (citing to MDOT orders).

Moore argues, however, that section 389.640 does not apply to the crossing in question because the crossing is private, not public, property. Thus, Moore argues, the statute does not absolve the Santa Fe and the Burlington Northern from common law tort liability for the safety of the crossing at which he was injured.

MDOT may determine its own jurisdiction, *State v. Blair*, 347 Mo. 220, 146 S.W.2d 865, 874 (banc 1940), and "in all collateral actions or proceedings the orders and decisions of the [MDOT] which have become final shall be conclusive." § 386.-550, R.S.Mo. (1986). The district court found, therefore, that Moore's arguments were irrelevant because, even if Moore was correct and MDOT jurisdiction was originally improper, the commission had already exercised its exclusive jurisdiction. The

court found that because MDOT exercised jurisdiction over the crossing in 1969 and mandated the type of warning devices to be placed there, section 389.640 was triggered. We note that in 1984 and 1985, MDOT again issued orders retaining continuing, exclusive jurisdiction over the type of warning devices to be installed at the crossing.

In *Coon v. Atchison, Topeka & Santa Fe, et al.*, 826 S.W.2d 66 (Mo.Ct.App.1992),[3] the Missouri Court of Appeals was confronted with a factually indistinguishable situation. In *Coon*, a car was struck by a train at the crossing involved in this case. The court applied the foregoing analysis and stated:

> Once the [MDOT] assumes jurisdiction and enters an order with respect to the necessary protection required at a particular crossing, the railroad has no further common law obligation in regard to what constitutes necessary crossing protection at the particular crossing. Where the [MDOT] has assumed jurisdiction and exercised its authority to determine necessary crossing protection and when and where gates should be installed and erected, the jurisdiction of the [MDOT] is exclusive.

*Id.* (internal citations omitted).

In 1969, 1984 and 1985, MDOT exercised and retained jurisdiction over the warning devices at the St. Joseph crossing. Its orders have not been revoked. The defendant railroads, therefore, may not be held liable for inadequate safety devices at the crossing.[4]

Moore's remaining arguments are rejected as without merit.

The district courts judgment is affirmed.

---

3. The Supreme Court of Missouri denied Coon's application for transfer from the intermediate appellate court on April 21, 1992.

4. As noted by the *Coon* court, however, a railroad may be held liable for negligence in carrying out a safety directive of the MDOT.